PER CURIAM.
Appellant filed a petition seeking removal of appellee as guardian of the person and property of Blanche Dailey. A hearing on the petition was scheduled. The trial court heard summaries of the testimony the attorneys planned to offer at the hearing, but it refused to hear any evidence. The court opined that the petition failed to state a cause of action, although counsel for appel-lee never made a motion to dismiss, (oral or written), and he was prepared to try the matter on the merits. The court further stated it felt this petition had been filed to counter another matter pending before another judge involving the same parties. It then denied the petition “on the basis of the record” and the pleadings. We construe the trial court’s ruling as constituting a judgment on the pleadings.[1]
The petition alleged that Dailey, an elderly lady who had been declared to be incompetent, was not receiving adequate care. It stated that Dailey’s bills were not being paid and she was not being given sufficient medical care. It also alleged the guardian failed to provide Dailey with needed supervision and basic necessities. This petition is sufficient to withstand a motion for judgment on the pleadings. §§ 744.377(1), 744.-361(1), Fla.Stat. (1979).
We reverse the judgment and remand for further proceedings. Based on this record and a motion made in this court by one party, which was not objected to by the other, the trial judge should seriously consider recusing himself from handling any further proceedings in this matter, upon the filing of a motion to recuse in the lower court by either party.
REVERSED AND REMANDED.
COBB, FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. Fla.R.Civ.P. 1.140(c).